UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TINA NEAD, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, et al.,<br><br>    Defendants. | Case No. 23-cv-04156-JSC<br><br>**ORDER RE DEFENDANT'S MOTION TO DISMISS AND PLAINTIFFS' MOTION TO REMAND**<br><br>Re: Dkt. Nos. 5, 12 |

Plaintiffs sue State Farm for breach of an insurance contract. (Dkt. No. 1.)[1] Pending before the Court is State Farm's motion to dismiss and Plaintiffs' motion for remand. (Dkt. Nos. 5, 12.) Having carefully considered the briefing, the Court concludes oral argument is not required, *see* N.D. Cal. Civ. L.R. 7-1(b), VACATES the October 26, 2023 hearing, GRANTS Plaintiffs' motion to remand, and DENIES State Farm's motion to drop and dismiss as moot. While Plaintiffs do not allege a claim for negligent misrepresentation against the non-diverse adjuster defendants, Defendants have not met their heavy burden of showing there is no possibility they could do so if granted leave to amend.

**COMPLAINT ALLEGATIONS**

On June 26, 2021, Plaintiffs Tina Nead and Jeffrey Nead were injured in a car crash in Napa County, California. (Dkt. No. 1 at 8 ¶ 9.) The California Highway Patrol found an underinsured motorist who was driving under the influence of alcohol to be completely culpable for the collision. (*Id*.) At the time of the crash, Plaintiffs were insured under a State Farm insurance policy, which provided underinsured motorist coverage in the amount of $250,000.00

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

per person and $500,000.00 per accident. (*Id*. ¶ 10.)

On March 20, 2022, Plaintiffs settled their claims against the underinsured motorist for $25,000.00. (*Id*. ¶ 11.) On January 3, 2023, Plaintiffs made written demand to State Farm to pay $475,000.00 to both Plaintiffs and/or $237,500.00 to each Plaintiff, as was owed under Plaintiffs' policy. (*Id*. ¶ 12.) On January 27, 2023, ten days after Plaintiffs' time-limited demand expired, State Farm adjuster Anita Harrell responded to Plaintiffs by acknowledging State Farm's failure to respond by the deadline. (*Id*. ¶ 13.) On February 8, February 15, March 6, March 20, and April 7 of 2023, State Farm adjusters Anita Harrell and Marge Wilson requested from Plaintiffs information Plaintiffs had already provided in their written demand to State Farm. (*Id*. at 9 ¶ 13.) On June 2, 2023, Plaintiffs made written demand to State Farm to arbitrate Plaintiffs' claims. (*Id*.) To date, State Farm has ignored Plaintiffs' demand for arbitration and refused to pay Plaintiffs as required under their insurance policy. (*Id*.)

Plaintiffs sue State Farm for breach of contract and breach of implied covenant of good faith and sue State Farm adjusters Anita Harrell and Marge Wilson for negligent adjusting.

## DISCUSSION

Plaintiffs move to remand pursuant to 28 U.S.C. § 1447 on the grounds the Court lacks subject-matter jurisdiction over this action. (Dkt. No. 12.) State Farm moves to drop and dismiss Defendants Anita Harrell and Marge Wilson pursuant to Federal Rule of Civil Procedure 12(b)(6) on the grounds the adjusters are fraudulently named as sham Defendants against whom Plaintiffs cannot state any claim. (Dkt. No. 5.)

State Farm may remove an action to federal court based on federal question jurisdiction or diversity jurisdiction. 28 U.S.C. § 1441(a). The strong presumption against removal jurisdiction requires State Farm to establish removal is proper, and the Court resolves all ambiguity in favor of remand to state court. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009).

State Farm claims diversity jurisdiction justifies its removal. (Dkt. No. 1.) Under 28 U.S.C. § 1332, diversity jurisdiction requires "complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). The "one exception to the requirement of

complete diversity is where a non-diverse defendant has been 'fraudulently joined.'" *Id*. Joinder of a non-diverse defendant is deemed fraudulent and ignored for the purposes of determining diversity "if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Id*.

Plaintiffs are California residents. (Dkt. No. 1 at 6 ¶ 1.) State Farm is an Illinois corporation. (*Id*. at 3-4 ¶ 12.) Defendants Harrell and Wilson are California residents. (*Id*. at 6-7 ¶¶ 3-4.) Because Plaintiffs and Defendants Harrell and Wilson are California residents, there is not complete diversity to establish diversity jurisdiction. *Morris*, 236 F.3d at 1067. Unless Defendants Harrell and Wilson were fraudulently joined, this Court lacks subject-matter jurisdiction over this action. *Id*.

"A defendant invoking federal court diversity jurisdiction on the basis of fraudulent joinder bears a heavy burden since there is a general presumption against finding fraudulent joinder." *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (cleaned up). If there is a "*possibility*" a state court would find the complaint states a cause of action against any resident defendant, the Court must find joinder was proper and remand the case to state court. *Id*. "[T]he test for fraudulent joinder and for failure to state a claim under Rule 12(b)(6) are not equivalent. A claim may fail under Rule 12(b)(6), but that defendant has not necessarily been fraudulently joined." *Id*. at 549.

> A standard that equates fraudulent joinder with Rule 12(b)(6) conflates a jurisdictional inquiry with an adjudication on the merits. Because the purpose of the fraudulent joinder doctrine is to allow a determination whether the district court has subject matter jurisdiction, the standard is similar to the "wholly insubstantial and frivolous" standard for dismissing claims under Rule 12(b)(1) for lack of federal question jurisdiction.

*Id*. Thus, Defendants Harrell and Wilson will be deemed fraudulently joined "only if, after all disputed questions of fact and all ambiguities in the controlling state law are resolved in [Plaintiffs'] favor, [Plaintiffs] could not recover against the non-diverse part[ies]." *Calero v. Unisys Corp.*, 271 F. Supp. 2d 1172, 1176 (N.D. Cal. 2003). When resolving claims of fraudulent joinder, the Court may consider evidence outside the pleadings. *Morris*, 236 F.3d at 1068.

Plaintiffs' Third Cause of Action accuses Defendants Harrell and Wilson of "Negligent

Adjusting of 1st Party Claim." (Dkt. No. 1 at 14 ¶¶ 32-35.) The complaint alleges Defendant Harrell acknowledged State Farm had not responded to Plaintiffs' written demand before the deadline and Defendants Harrell and Wilson repeatedly requested from Plaintiffs information Plaintiffs had already provided. (Dkt. No. 1 at 8-9 ¶ 13.) Plaintiffs further allege "Defendants Harrell and Wilson ignored the time-limited demand to settle, did not respond to the time-limited demand to settle, and then made numerous false statements of fact and otherwise delayed Plaintiffs['] claims." (*Id*. at 14 ¶ 34.)

Defendants argue an independent adjuster engaged by an insurer owes no duty of care to the insured and therefore Harrell and Wilson cannot, under any set of facts, be held liable for negligent claims adjusting. *See Sanchez v. Lindsey,* 72 Cal. App. 4th 244, 254-55 (1999). Plaintiffs respond they are seeking to hold Harrell and Wilson liable for negligent misrepresentation, not negligence. *See Bock v. Hansen*, 225 Cal. App. 4th 215, 228 (2014) ("a cause of action for negligent misrepresentation can lie against an insurance adjuster."). However, the complaint asserts a cause of action for negligent adjusting of first party claim, not negligent misrepresentation. (Dkt. No. 10-2 at 9.) Further, to state a claim for negligent misrepresentation, Plaintiffs must allege "(1) a misrepresentation of a past or existing material fact, (2) made without reasonable ground for believing it to be true, (3) made with the intent to induce another's reliance on the fact misrepresented, (4) justifiable reliance on the misrepresentation, and (5) resulting damage." *Ragland v. U.S. Bank Nat'l Assn.*, 209 Cal. App. 4th 182, 196 (2012). The complaint fails to identify any misrepresentations of material fact or otherwise allege facts sufficient to plausibly plead negligent misrepresentation against Defendants Harrell and Wilson. Plaintiffs merely allege Defendants Harrell and Wilson "made numerous false statements of fact." (Dkt. No. 1 at 14 ¶ 34.) Though the Court must accept the complaint's factual allegations as true, conclusory assertions are insufficient to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiffs also have not alleged reasonable reliance on the unidentified misrepresentations.

But Defendants Harrell and Wilson are fraudulently joined for purposes of diversity jurisdiction only if Plaintiffs' proposed claim against them is "wholly insubstantial and frivolous" such that there is no possibility Plaintiffs could prevail. *Grancare, LLC*, 889 F.3d at 549. State

Farm argues the complaint's defects are incurable because Plaintiffs will be unable to establish reliance or damages sufficient to state a negligent misrepresentation claim against Defendants Harrell and Wilson.  While it appears likely Plaintiffs will be unable to plead a negligent misrepresentation claim against the adjusters, Defendants have not met their heavy burden of showing there is *no possibility* they will be able to do so.  *See Grancare, LLC*, 889 F.3d at 548; *see also Krivanek v. Huntsworth Grp. LLC*, No. 15-CV-02466-HSG, 2015 WL 5258788, at \*4 (N.D. Cal. Sept. 9, 2015) ("inartful, ambiguous, or technically defective pleading" insufficient to establish fraudulent joinder).  Should the state court dismiss Plaintiffs' claim against non-diverse Defendants Harrell and Wilson, State Farm may again seek removal pursuant to 28 U.S.C. § 1332(a)(1).

## CONCLUSION

Accordingly, Plaintiffs' motion to remand is GRANTED and State Farm's motion to drop and dismiss is DENIED as moot.

This Order disposes of Docket Nos. 5 and 12.

**IT IS SO ORDERED.**

Dated: October 20, 2023

JACQUELINE SCOTT CORLEY
United States District Judge